**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2768-23

YOUSSEF INC. and ELIAS
ABDELNOUR,

    Plaintiffs-Appellants,

v.

QUDAH MANAGEMENT, INC.,
NJISA, LLC, and MOHAMMED
QUDAH,

    Defendants-Respondents.

_____

Submitted May 12, 2025 – Decided June 24, 2025

Before Judges Berdote Byrne and Jablonski.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Docket No. LT-001675-23.

Clark Guldin, attorneys for appellants (Jonathan A. Ozarow, of counsel and on the briefs).

Sarmasti, PLLC, attorneys for respondents (Vafa Sarmasti, on the brief).

PER CURIAM

Plaintiffs-landlords Youssef, Inc. and Elias Abdelnour appeal from an order dated May 10, 2024, denying their summary dispossession action. We affirm for the reasons stated in Judge Dina Mikulka's well-reasoned, twenty-four-page written opinion. We add the following comments.

The parties executed a commercial lease on November 19, 2018, with the aid of counsel. Pertinent lease provisions included the base rent payment amount and a provision stating tenants had the option, but not the requirement, to perform renovations to the premises per "approved construction plans/site plan," and would receive discounts of the base rent if tenants performed these renovations. Failure to pay rent timely would subject tenants to defined late charges, which were to be treated as additional rent. Article IX of the lease also set forth tenants' obligations in connection with property taxes and utilities, requiring tenants to pay property taxes "upon the annual assessment notice."

Before the parties executed the lease, landlords owned and operated the premises in addition to a second gas station in West Orange. Prior to the lease's execution, landlords had one insurance policy which covered both businesses. Although the lease required tenants to obtain insurance for the leased premises, the parties reached a subsequent oral agreement whereby landlords would

continue to procure insurance for the premises and tenants would reimburse landlords accordingly.

Landlords filed a summary dispossess action against tenants in the Special Civil Part Landlord-Tenant Section on November 1, 2023. One month later, on December 5, 2023, tenants filed a complaint against landlords in the General Civil Part. On January 5, 2024, the Special Civil Part denied tenants' motion to transfer the summary dispossess matter to the General Civil Part and consolidate both actions. N.J.S.A. § 2A:18-60; R. 6:4-1(g). The Special Civil Part judge noted that "landlord[s] filed [a] complaint on [November 1, 2023] seeking possession of property due to [t]enant[s'] failure to pay rent under the lease. This issue can be decided under the [Landlord-Tenant] [d]ocket, without the need for discovery." After tenants again moved to transfer or remove the Landlord-Tenant matter and consolidate it with the General Civil Part action on February 2, 2024, the Special Civil Part denied tenants' motion because the "motion [was] legally deficient as it fail[ed] to articulate any arguments based on R[ule] 4:49-2." (Emphasis in original). The landlord-tenant action then proceeded to trial.

The Special Civil Part made detailed findings, including extensive credibility findings, where it concluded plaintiff-landlord Abdelnour lacked credibility. Specifically, it found, "[p]laintiff's knowledge about the facts of his

3

own case was limited. . . . [P]laintiff was unconvincing and contradictory in his statements about what years of insurance plaintiff believed were still reimbursable from defendant[s]."  It concluded tenants, "operating under the [twenty]-year lease . . . , during pandemic shutdowns, spent in excess of $1,000,000.00 on extensive renovations in 2020 and 2021.  Only in 2022, after the work was done or mostly done, was a paper trail created by plaintiff regarding alleged breaches by defendant[s]."

Furthermore, it found plaintiff's testimony regarding nonpayment of insurance and property taxes by defendants prior to 2021 and 2022 was entirely lacking in credibility.  "That plaintiff knew defendant[s] were in breach yet permitted defendant[s] to pay for extensive renovations indicated potential bad faith in plaintiff's dealings with defendant[s]."  The court concluded the parties had entered into verbal agreements to depart from the written lease provisions, stating:  "The parties, based on their own testimony, entered into an oral agreement to deviate from the written lease pertaining to insurance coverage. Lewis v. Travelers Ins. Co., 51 N.J. 244 (1968)."  (Citation reformatted).  The court found plaintiff did not establish defendants were in breach, which would cause defendants to be holdover tenants and allow the court to grant plaintiff's summary dispossess action.

A-2768-23

Findings "made by the trial court sitting in a non-jury case are subject to a limited and well-established scope of review." D'Agostino v. Maldonado, 216 N.J. 168, 182 (2013) (quoting Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011)). Factual findings "are binding on appeal when supported by adequate, substantial, credible evidence. Deference is especially appropriate when the evidence is largely testimonial and involves questions of credibility." Seidman, 205 N.J. at 169 (quoting Cesare v. Cesare, 154 N.J. 394, 412 (1998)). We will "'not disturb the factual findings and legal conclusions of the trial judge' unless convinced that those findings and conclusions were 'so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice.'" Griepenburg v. Township of Ocean, 220 N.J. 239, 254 (2015) (quoting Rova Farms Resort, Inc. v. Invs. Ins. Co. of Am., 65 N.J. 474, 484 (1974)). However, "a trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Rowe v. Bell & Gossett Co., 239 N.J. 531, 552 (2019) (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)). We discern no reason to disturb Judge Mikulka's detailed findings, which flow from the established facts in this case and are unassailable. To the extent landlords may be able to prove any of their

monetary claims pursuant to the orally modified lease, they may pursue those defenses in the General Civil Part action, but they are not entitled to dispossess tenants, the only issue properly before us on appeal.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-2768-23